## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

**MARY BRAZIL**                                                           **PLAINTIFF**

v.                                  **No. 5:15-cv-253-DPM**

**ARKANSAS DEPARTMENT OF HUMAN
SERVICES; JOHN SELIG, Director, Department
of Human Services; ANDY ALLISON, Director of
Division of Medical Services; MARILYN
STRICKLAND, Chief Operating Officer;
DRENDA HARKINS, Assistant Director;
VICTOR STERLING, Manager; DOUG NELSON,
Manager; and TRACY MITCHELL, Manager**                 **DEFENDANTS**

### ORDER

1.  The Court must screen Brazil's amended complaint, № 9. 28 U.S.C.

§ 1915(e)(2)(B).

2.  Brazil's claims against Andy Allison and John Selig are dismissed

without prejudice. Allison resigned in June 2014, before the events Brazil

complains about. And apart from a vague allegation of reaching out to Selig,

Brazil has not alleged that Selig was involved in, or directly responsible for,

what happened to her. *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th

Cir. 2007).

3.  Brazil's race discrimination claim is dismissed without prejudice.

Brazil does not say she was singled out by race. Her hostile-work-

environment claim is also dismissed without prejudice. Low-level job friction is not legally a hostile work environment. *Anderson v. Family Dollar Stores of Arkansas, Inc.*, 579 F.3d 858, 862–63 (8th Cir. 2009).

**4.** Brazil's fraud claims are dismissed without prejudice, too. Brazil doesn't say that *she* was harmfully misled by her false evaluations and counseling statements. And the law seems to require that the plaintiff be the misled party. *Allen v. Allison*, 356 Ark. 403, 418, 155 S.W.3d 682, 693 (Ark. 2004); Arkansas Model Jury Instructions—Civil, AMI 402 (2015 ed.). Nor does Brazil say with particularity what made the evaluations fraudulent, FED. R. CIV. P. 9(b), or allege specific damages caused by the fraud. *Tyson Foods, Inc. v. Davis*, 347 Ark. 566, 580, 66 S.W.3d 568, 577 (Ark. 2002). The civil conspiracy claim is also dismissed without prejudice; it falls with the fraud claims.

**5.** Brazil's ADEA claim may proceed for now. Brazil, who's 60 years old, says her job was given to younger, less experienced people. Brazil cut it close on the 90-day window to sue, but without knowing when she received her right-to-sue notice, the Court can't call her claim untimely. This is an issue for the parties to wrestle with.

**6.** Brazil's job-reassignment retaliation claims against Victor Sterling, Doug Nelson, and Tracy Mitchell may proceed under 42 U.S.C. § 1983. Brazil says they transferred her from an administrative-assistant job to a worse job in the scanning room because she sued for discrimination in the past. That's a plausible claim of retaliation. *Burlington Northern & Santa Fe Railway Company v. White*, 548 U.S. 53, 70–71 (2006). Brazil's retaliation claims about negative performance evaluations and counseling statements, though, fall short. She doesn't say the evaluations and statements *have* had material negative consequences. *Enowmbitang v. Seagate Technology, Inc.*, 148 F.3d 970, 973–74 (8th Cir. 1998). And because Mary Strickland and Drenda Harkins are in the case only because of the performance evaluations, they are dismissed. Finally, Brazil's constructive-discharge claims are dismissed without prejudice, because she hasn't been discharged.

**7.** The Court directs the Clerk to prepare a summons for the Department, Sterling, Nelson, and Mitchell. The Court directs the U.S. Marshal to serve the summons, complaint, amended complaint, and this Order on the Department, Sterling, Nelson, and Mitchell at the Department without prepayment of fees and costs or security. If any defendant no longer

-3-

works for the Department, the individual responding to service must file the former employee's last known private mailing address under seal.

\* \* \*

The case goes forward against these parties on these claims:

The Department — age discrimination

Sterling — job-reassignment retaliation

Nelson — job-reassignment retaliation

Mitchell — job-reassignment retaliation

All other claims against all other parties are dismissed without prejudice.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_27 October 2015_

-4-