IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MARY BRAZIL                                                                    PLAINTIFF

v.                              No. 5:15-cv-253-DPM

ARKANSAS DEPARTMENT OF HUMAN
SERVICES; VICTOR STERLING, Manager;
DOUG NELSON, Manager; and
TRACY MITCHELL, Manager                                          DEFENDANTS

ORDER

**1.** Mary Brazil alleges that the Arkansas Department of Human Services discriminated against her by giving her administrative-assistant job to younger, less experienced people. She also alleges that some of the Department's managers retaliated against her for a past lawsuit by transferring her to a worse job in the scanning room. The Department and the managers — Victor Sterling, Doug Nelson, and Tracy Mitchell — move to dismiss. № 16. They say Brazil's age-discrimination claim is inexcusably late, and that her retaliation claim fails for several other reasons. Does any part of Brazil's suit survive?

**2. ADEA.** Brazil's age-discrimination claim is late. She admits getting her right-to-sue letter on April 27th and not filing suit until August 3rd. № 21 at 3. That's more than a week past the ninety-day deadline provided by law

and echoed in the letter. 29 U.S.C. § 626(e); № 9 at 15. Brazil asks the Court to equitably toll the deadline because she thought the letter's reference to "days" meant "business days," and because she was mentally and emotionally drained over the summer. № 21 at 3, 5.

These circumstances, though, aren't enough to toll the deadline. Brazil must show that, despite her diligence, something extraordinary—a misleading right-to-sue letter, for example—kept her from filing on time. *Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. ___, 2016 WL 280759, at *4 (25 January 2016); *Anderson v. Unisys Corporation*, 47 F.3d 302, 306–07 (8th Cir. 1995).

She hasn't shown any extraordinary circumstances. Her right-to-sue letter said three times in bold type that, if Brazil didn't file suit in ninety days, she'd lose that right. № 9 at 15–16. If she was unsure about what the letter meant, she could have called the phone number listed. She wasn't diligent in relying on an unsupported assumption about business days. *Zotos v. Lindbergh School District*, 121 F.3d 356, 361 (8th Cir. 1997). Brazil's ADEA claim is dismissed as untimely. The Department is therefore dismissed too.

**3. Section 1983.** The managers raise four challenges to Brazil's job-reassignment retaliation claim under 42 U.S.C. § 1983.

First, parsing Brazil's requests for relief, the managers say Brazil has pleaded herself out of a § 1983 claim because she seeks relief only from "the Department," which is immune from suit. *№ 9 at 12–13*; *Monroe v. Arkansas State University*, 495 F.3d 591, 594 (8th Cir. 2007). But this argument asks too much of the *pro se* complaint. On a liberal construction, Brazil sued the managers as embodying the Department. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004). She didn't make individual-capacity claims, so the suit runs against the Department anyway. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Baker v. Chisom*, 501 F.3d 920, 923–24 (8th Cir. 2007). If these managers are the Department, then Brazil may seek injunctive relief against the Department through them.

The managers next say Brazil's retaliation claim fails because it's based on age discrimination, which is regulated solely by the ADEA. It's true that Brazil "cannot pursue her ADEA claim through § 1983." *Adair v. eStem Public Charter Schools*, 2012 WL 474019, at *2 (E.D. Ark. 14 February 2012). But Brazil's retaliation claim isn't based just on age discrimination. Her pleading

is clear: because of her prior suit, the managers retaliated against her by moving her to the scanning room. *No. 9 at 8, 10*. The claim isn't just about what the managers did with Brazil's old job; it's also about the new worse job they gave her. As the Court said at screening, this is a plausible claim separate from age discrimination. *№ 10 at ¶ 6*.

The managers also say Brazil fails to name a constitutional provision or federal law — besides the ADEA — supporting the retaliation claim. But, again construed liberally, Brazil's *pro se* factual allegations fit into a proper legal framework: a claim of improper retaliation for exercising her right to sue, a First Amendment right. *Tyler v. University of Arkansas Board of Trustees*, 628 F.3d 980, 986 (8th Cir. 2011).

Last, the managers say Brazil's claims are barred "[t]o the extent [she] seeks to relitigate facts which should have been litigated in her previous lawsuit[.]" *№ 17 at 9*. They're right. Brazil can't re-litigate that case. But her retaliation claim stands nonetheless. *Res judicata* bars suits on already litigated events; this suit is about a new allegedly retaliatory event. *State Office of Child Support Enforcement v. Willis*, 347 Ark. 6, 13, 59 S.W.3d 438, 443 (2001). Brazil's transfer to the scanning room happened in early 2015, after the Department

had moved for summary judgment in the prior suit. No. 4:13-cv-468-DPM, Docket No. 53 (22 December 2014). Post-dispositive-motion amendments are disfavored. *Northern States Power Company v. Federal Transit Administration*, 358 F.3d 1050, 1056–57 (8th Cir. 2004). While handling everything in one case would have made some sense, given that the prior suit had progressed so far, a second suit was fine.

* * *

Motion to dismiss, № 16, granted in part and denied in part. Brazil's ADEA claim is dismissed. The Department is dismissed as a separate party with a caveat. Brazil has one live claim: her job-reassignment retaliation claim under § 1983 against the managers in their official capacities, which means this claim is really against the Department itself. The Court directs the Clerk to add Brazil's email address, *laqua_44@yahoo.com*, to the docket.

So Ordered.

                                                  _____
                                                  D.P. Marshall Jr.
                                                  United States District Judge

                                                  4 February 2016