IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

MARY BRAZIL                                                              PLAINTIFF

v.                              No. 5:15-cv-253-DPM

VICTOR STERLING; DOUG NELSON;
and TRACY MITCHELL, Managers                                          DEFENDANTS

ORDER

After screening, № 10, early dismissal of some claims, № 23, and a second amendment to her complaint, № 39, two claims remained: Was Brazil's transfer to the scanning room race discrimination? Was it retaliation for her 2013 lawsuit? The answer to both questions, as a matter of law, is no.

Although she added a claim for race discrimination last fall, Brazil now says the assignment to the scanning room was not racially motivated, but only in retaliation for her earlier lawsuit. *E.g., № 59 at 25, 27; № 61 at 11.* She said the same thing on deposition. *№ 53-1 at 58 (deposition pagination).* And in her papers responding to summary judgment, Brazil hasn't provided any proof or argument that the transfer was a form of race discrimination. She's waived that claim. *Satcher v. University of Arkansas at Pine Bluff Board of Trustees*, 558 F.3d 731, 734–35 (8th Cir. 2009).

Brazil's retaliation claim fails for several reasons. Brazil certainly engaged in protected activity; she exercised her First Amendment right to file a lawsuit. *Tyler v. University of Arkansas Board of Trustees*, 628 F.3d 980, 986 (8th Cir. 2011). But Brazil's transfer to the scanning room was not an adverse action as the law understands that phrase. There's no evidence that the transfer was a demotion, came with a reduction in pay or benefits, or otherwise materially affected the terms of her employment. *Spears v. Missouri Department of Corrections and Human Resources*, 210 F.3d 850, 853–54 (8th Cir. 2000). Brazil says her position in the scanning room was very difficult—it was stressful, and caused her to have medical problems. But a lateral transfer resulting in those kinds of hardships isn't an adverse action under the settled law. *Ledergerber v. Stangler*, 122 F.3d 1142, 1144–45 (8th Cir. 1997).

Even if the transfer was an adverse action, Brazil hasn't put forth sufficient evidence that her 2013 lawsuit caused the move. The first discussions about transferring Brazil to the scanning room happened more than a year after she filed the earlier lawsuit. It's true, as Brazil points out, that her first suit was still pending when she was assigned to the scanning room. *№ 60 at 4; № 64 at 13*. Still, though, that's not enough to support a

Brazil's retaliation claim fails for several reasons. Brazil certainly engaged in protected activity; she exercised her First Amendment right to file a lawsuit. *Tyler v. University of Arkansas Board of Trustees*, 628 F.3d 980, 986 (8th Cir. 2011). But Brazil's transfer to the scanning room was not an adverse action as the law understands that phrase. There's no evidence that the transfer was a demotion, came with a reduction in pay or benefits, or otherwise materially affected the terms of her employment. *Spears v. Missouri Department of Corrections and Human Resources*, 210 F.3d 850, 853–54 (8th Cir. 2000). Brazil says her position in the scanning room was very difficult—it was stressful, and caused her to have medical problems. But a lateral transfer resulting in those kinds of hardships isn't an adverse action under the settled law. *Ledergerber v. Stangler*, 122 F.3d 1142, 1144–45 (8th Cir. 1997).

Even if the transfer was an adverse action, Brazil hasn't put forth sufficient evidence that her 2013 lawsuit caused the move. The first discussions about transferring Brazil to the scanning room happened more than a year after she filed the earlier lawsuit. It's true, as Brazil points out, that her first suit was still pending when she was assigned to the scanning room. *№ 60 at 4; № 64 at 13*. Still, though, that's not enough to support a

Brazil's retaliation claim fails for several reasons. Brazil certainly engaged in protected activity; she exercised her First Amendment right to file a lawsuit. *Tyler v. University of Arkansas Board of Trustees*, 628 F.3d 980, 986 (8th Cir. 2011). But Brazil's transfer to the scanning room was not an adverse action as the law understands that phrase. There's no evidence that the transfer was a demotion, came with a reduction in pay or benefits, or otherwise materially affected the terms of her employment. *Spears v. Missouri Department of Corrections and Human Resources*, 210 F.3d 850, 853–54 (8th Cir. 2000). Brazil says her position in the scanning room was very difficult—it was stressful, and caused her to have medical problems. But a lateral transfer resulting in those kinds of hardships isn't an adverse action under the settled law. *Ledergerber v. Stangler*, 122 F.3d 1142, 1144–45 (8th Cir. 1997).

Even if the transfer was an adverse action, Brazil hasn't put forth sufficient evidence that her 2013 lawsuit caused the move. The first discussions about transferring Brazil to the scanning room happened more than a year after she filed the earlier lawsuit. It's true, as Brazil points out, that her first suit was still pending when she was assigned to the scanning room. *№ 60 at 4; № 64 at 13*. Still, though, that's not enough to support a

conclusion that the earlier suit was the but-for cause of the transfer. The Eighth Circuit law is clear. Timing alone is rarely sufficient to prove causation; there must be other evidence showing a retaliatory motive. *Kipp v. Missouri Highway and Transportation Commission*, 280 F.3d 893, 897 (8th Cir. 2002); *Tyler*, 628 F.3d at 986–87. Brazil hasn't provided any other evidence on what motivated the changed responsibilities. A jury couldn't reasonably infer that Brazil's lawsuit caused her transfer into the scanning room on such a thin basis.

Finally, even if Brazil has made a *prima facie* case of retaliation, the three supervisors (standing in for the department) have shown a legitimate, non-retaliatory reason for Brazil's transfer: the Medicaid division was going paperless, so DHS needed extra hands in the scanning room during the transition. Brazil hasn't offered any proof showing that the reason given — the change in recordkeeping — was a pretext for retaliation. *Curby v. Solutia, Inc.*, 351 F.3d 868, 873–74 (8th Cir. 2003).

\* \* \*

Motion for summary judgment, № 50, granted.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

15 May 2017